IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **SHARON K. MILLER,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| vs. | ) No. 12-CV-563-TCK-PJC |
| | ) |
| **THE NORDAM GROUP, INC.,** | ) |
| | ) |
| **Defendant.** | ) |

## OPINION AND ORDER

Before the Court is Plaintiff Sharon K. Miller's Motion for Partial Summary Judgment (Doc. 16), wherein Plaintiff seeks a partial judgment that she is an "eligible employee" under the Family Medical Leave Act ("FMLA"), 29 U.S.C. § 2601, *et seq.*[1]

**I.      Factual Background**

On October 6, 2010, Aerotek Aviation, LLC ("Aerotek"), a temporary staffing agency, hired Plaintiff to work as an Expediter at Defendant The Nordam Group, Inc. ("Nordam"). (Aff. of Sharon K. Miller, Ex. A to Pl.'s Mot. for Partial Summ. J., at ¶ 5.)  Plaintiff worked full time at Nordam through Aerotek from October 6, 2010 to January 22, 2011. (*Id.* ¶ 6.)  In January 2011, Nordam ended its relationship with Aerotek, and Kelly Services, Inc. ("Kelly Services"), another temporary staffing agency, began providing Nordam with temporary employees. (*Id.* ¶ 7.)  Plaintiff continued to work as an Expediter at Nordam through Kelly Services. (*Id.* ¶¶ 9, 10.)  There was no interruption to Plaintiff's work when Nordam changed its temporary staffing agency from Aerotek to Kelly Services. (*Id.* ¶ 8.)  Plaintiff worked full time as an Expediter at Nordam through Kelly Services until July 18, 2011, when Nordam hired her as a permanent employee. (*Id.* ¶ 9.)

---

[1] In reaching its conclusion as to this question, the Court has considered all original briefing and the parties' supplemental briefs (Docs. 28, 33).

On October 20, 2011, Plaintiff requested from Nordam, which was then her permanent employer, a 30-day leave of absence after her father passed away. (*Id.* ¶¶ 14, 15.) Nordam instructed Plaintiff to return to work by October 31, 2011 and asked her to notify Nordam by October 28, 2011 if she could not return to work as instructed. (*Id.* ¶ 19.) Plaintiff did not return to work by October 31, 2011, and Nordam terminated Plaintiff effective October 28, 2011 and deemed it a voluntary resignation. (*Id.* ¶ 22.) On October 11, 2012, Plaintiff filed this lawsuit against Nordam, alleging that Nordam interfered with her rights under the FMLA by denying her request for a leave of absence.

## II.     Summary Judgment Standard

Summary judgment is proper only if "there is no genuine issue as to any material fact, and the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The moving party bears the burden of showing that no genuine issue of material fact exists. *See Zamora v. Elite Logistics, Inc.*, 449 F.3d 1106, 1112 (10th Cir. 2006). The Court resolves all factual disputes and draws all reasonable inferences in favor of the non-moving party. *Id.* However, the party seeking to overcome a motion for summary judgment may not "rest on mere allegations" in its complaint but must "set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e). The party seeking to overcome a motion for summary judgment must also make a showing sufficient to establish the existence of those elements essential to that party's case. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323-33 (1986).

## III.    Analysis

The FMLA entitles "eligible employees" to twelve workweeks of leave during any twelve-month period due to, among other reasons, a serious health condition that makes the employee unable to perform his job. 29 U.S.C. § 2612(a). "Eligible employee" means an employee who has

been employed for at least twelve months by the employer and who has worked for the employer for at least 1,250 hours during the twelve months prior to the requested leave. *Id.* § 2611(2)(A). The FMLA regulations make clear than an employee can have more than one "employer" and that "[e]mployees jointly employed by two employers must be counted by both employers, whether or not maintained on one of the employer's payroll, in determining employer coverage *and employee eligibility.*" 29 C.F.R. § 825.106(a) (emphasis added).

The limited question presented in this case is whether Nordam jointly employed Plaintiff – along with the relevant staffing agencies – for the period during which she worked for Nordam as a temporary employee. Plaintiff argues that Nordam was her "joint employer" along with the temporary staffing agencies. Nordam contends it only employed Plaintiff from July 8, 2011, the date Nordam hired her as a permanent employee, until October 28, 2011. If Nordam and the temporary staffing agencies jointly employed Plaintiff for the period before she was hired as a permanent Nordam employee, Plaintiff was employed by Nordam for the requisite amount of time to qualify as an "eligible employee" under § 2611(2)(A). Thus, Plaintiff's eligibility for FMLA leave turns solely on the issue of "joint employment."[2] No relevant facts are in dispute, and the question presented is purely legal.

---

[2] In "joint employment" situations, there can be a "primary" and "secondary" employer for certain FMLA purposes. *See id.* § 825.106(c) (explaining that "[f]or employees of temporary placement agencies . . . the placement agency most commonly would be the primary employer" and that only the primary employer is responsible for providing notice and FMLA leave). However, the Court finds this distinction irrelevant for purposes of the limited question presented before the Court – namely, whether Nordam was a "joint employer" prior to Nordam's hiring of Plaintiff as a permanent employee. *See id.* § 825.106(d) ("Employees jointly employed by two employers must be counted by both employers, whether or not maintained on one of the employer's payroll, in determining employer coverage and employee eligibility."). The Court rejects Nordam's argument that its status as a secondary employer is relevant to the "employee eligibility" determination.

3

The FMLA itself does not discuss when two employers may be considered "joint employers" for FMLA purposes. However, regulations promulgated by the Department of Labor ("DOL") offer significant guidance on: (1) the test used to determine joint employment; and (2) whether staffing agencies and their clients are generally deemed "joint employers" of individuals placed by the staffing agency at the client's place of business:

> (a) Where two or more businesses exercise some control over the work or working conditions of the employee, the businesses may be joint employers under FMLA. Joint employers may be separate and distinct entities with separate owners, managers, and facilities. Where the employee performs work which simultaneously benefits two or more employers, or works for two or more employers at different times during the workweek, a joint employment relationship generally will be considered to exist in situations such as:
> (1) Where there is an arrangement between employers to share an employee's services or to interchange employees;
> (2) Where one employer acts directly or indirectly in the interest of the other employer in relation to the employee; or,
> (3) Where the employers are not completely disassociated with respect to the employee's employment and may be deemed to share control of the employee, directly or indirectly, because one employer controls, is controlled by, or is under common control with the other employer.
> (b)(1) A determination of whether or not a joint employment relationship exists is not determined by the application of any single criterion, but rather the entire relationship is to be viewed in its totality. *For example, joint employment will ordinarily be found to exist when a temporary placement agency supplies employees to a second employer.*

29 CFR § 825.106 (emphasis added); *see also Harbert v. Healthcare Servs. Group, Inc.*, 391 F.3d 1140, 1148 (10th Cir. 2004) (deciding validity of another portion of FMLA regulations) (explaining in dicta that "Section 825.106(a) states that two entities may be considered 'joint employers' where they both exercise some control over the work or working conditions of the employee" and that "joint employment will ordinarily be found to exist when a temporary agency supplies employees to a second employer"). Thus, the relevant DOL regulations, which have been cited with approval by the Tenth Circuit, suggest that a temporary staffing agency and the entity utilizing such agency

4

will typically be considered joint employers.[3] The policy behind this regulation is protection of the temporary employee. *See Miller v. Defiance Metal Prods., Inc.*, 989 F. Supp. 945, 948 n.2 (N.D. Ohio 1997) ("A simple perusing of the regulation shows that one of the purposes for the joint employment provision is the protection of the temporary employee.").

The Court concludes that Nordam was a "joint employer" of Plaintiff for purposes of her FMLA eligibility while she was a temporary employee of Aerotek and Kelly Services. Although the regulation's example is certainly not controlling given that courts must consider the "totality of the circumstances," Nordam has not provided the Court with any facts or evidence suggesting that the present situation should fall outside the normal rule. Instead, the record indicates that this was a typical "staffing agency" situation. Although Aerotek and Kelly Services placed Plaintiff at Nordam and issued her paychecks during the disputed time frame, Nordam directed Plaintiff's work, set her hours, evaluated her work, and had the power to terminate her during this time. (C. Watson Depo., Ex. C to Pl.'s Supp. Br., at 34:1-14; 35:9-17; 41:9-16; 41:17-23; 41:24-42:2.) This evidence is sufficient for Nordam to be considered a joint employer during the disputed time periods. *See Allan v. Cuna Mut. Ins. Soc'y*, No. C10-2016 EJM, 2011 WL 5238656, at *1 (N.D. Iowa Oct. 31, 2011) (granting plaintiff's motion for summary judgment on status as eligible employee and finding that "plaintiff's term of employment began upon her assignment to CUNA by the temporary agency, rather than upon subsequent permanent hiring"); *Mackey v. Unity Health Sys.*, No. 03-CV-6049T(F),

---

[3] Nordam's reliance upon the "hybrid test," rather than some form of "joint employment" test, is misplaced. The Tenth Circuit has indicated that use of the "hybrid test" is limited to distinguishing between employees and independent contractors and does not provide an "appropriate framework" for determining whether two employers are "joint employers" of a particular individual. *See Bristol v. Bd. of County Comm'rs of the Cnty. of Clear Creek*, 312 F.3d 1213, 1218 (10th Cir. 2002) (explaining, in an Americans with Disabilities Act case, that the "hybrid test" is not "designed for situations where there is more than one alleged employer").

2004 WL 1056066, at *3 (W.D.N.Y. May 10, 2004) ("[S]ince plaintiff was at least "jointly" employed by [defendant] from January 17, 2000 to January 17, 2001 he meets the twelve month requirement set out in § 2611(2)(A), and was eligible to receive leave under FMLA."); *Salgado v. CDW Computer Ctrs., Inc.*, No. 97 C 1975, 1998 WL 60779, at *3-4 (N.D. Ill. Feb. 5, 1998) ("Even if not plaintiff's primary employer, defendant did employ plaintiff during the time he was a temporary worker working through [the temporary staffing agency]. Therefore, that time counts toward satisfying the one-year eligibility requirement."); *Miller*, 989 F. Supp. at 948 n.2 (explaining that "refusing to count the time a former temporary employee was assigned to a now permanent employer would ignore the intent of both FMLA and [§ 825.106]"). In this case, Nordam's status as a joint employer is further evidenced by the fact that Plaintiff changed staffing agencies solely to maintain her job at Nordam, rather than remaining an Aerotek employee when Nordam changed staffing agencies.

The Court rejects Nordam's argument that Plaintiff's employment agreement with Aerotek, which identifies Plaintiff as an employee of Aerotek and not Nordam,[4] is controlling as to the joint employment question. Contractual language is generally not controlling as to the issue of joint employment. *See Zavala v. Wal–Mart Stores, Inc.*, 393 F. Supp. 2d 295, 330 (D.N.J. 2005) ("In any event, the Contract would not resolve necessarily the question of whether Wal–Mart is an employer or joint employer of Plaintiffs. Contract disclaimers, which provide that a particular entity is/is not an employer or is/is not an independent contractor or employee, generally do not decide the issue."). The parties may not contract around their legal obligations if, under the totality of circumstances,

---

[4] (*See* Ex. 2 to Aff. of S. Miller at ¶ 11 ("You recognize and agree that you are an employee of AEROTEK and not an employee of the Client, and you will look solely to AEROTEK for all employee benefits in connection with your employment under this agreement.").)

they are functioning as "joint employers" as that term is used in the relevant FMLA regulations. S*ee generally Zachary v. Rescare Okla., Inc.*, 471 F. Supp. 2d 1175, 1183 (N.D. Okla. 2006) (holding that an administrative service agreement between parent and subsidiary corporation was not controlling or persuasive as to issue of joint employment under Fair Labor Standards Act where "other evidence in the record that supports a finding of joint employment"). Here, the Court finds that the totality of the circumstances suggests a joint employment relationship, and the contractual language is not controlling.

### III.   Conclusion

Plaintiff Sharon K. Miller's Motion for Partial Summary Judgment (Doc. 16) is GRANTED. Plaintiff is an "eligible employee" as such term is defined in 29 U.S.C. § 2611(2)(A) because she was employed by Nordam, either as a joint employer or sole employer, from October 6, 2010 until October 28, 2011.

**IT IS SO ORDERED this 19th day of November, 2013.**

_____
**TERENCE C. KERN
UNITED STATES DISTRICT JUDGE**